UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BARON THOMPSON (#129901)  CIVIL ACTION

VERSUS

BURL CAIN, WARDEN  NO. 06-0692-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 15th day of December, 2008.

DOCIA L. DALBY
MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BARON THOMPSON (#129901)                        CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                               NO. 06-0692-RET-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Motion for Abeyance, pursuant to which he seeks to have this Court stay his federal habeas corpus pending exhaustion of state court remedies. In order to determine the appropriateness of this remedy, the Court ordered the petitioner to provide information relative to the status of any ongoing or anticipated proceedings in state court, and the petitioner has responded to the Court's Order. See rec.doc.nos. 6 and 7.

The petitioner was convicted of second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and sentenced, on September 20, 2003, to serve a term of life imprisonment, without the benefit of probation, parole or suspension of sentence. The petitioner asserts that he did not file a timely appeal from the judgment of conviction because his trial counsel wrongly failed to do so. When the petitioner learned that his counsel had "abandoned" his appeal, he addressed correspondence to the Louisiana Appellate Project which, by motion filed in December, 2003, obtained for the petitioner an out-of-time appeal, with a return date for this appeal set for September, 2004. As a result, the petitioner, through appointed appellate counsel, filed such out-of-time appeal on or about September 4, 2004, asserting three (3) claims of error relative to alleged deficiencies in his criminal trial relative to the determination of his competence to proceed. On May 6, 2005, the Louisiana First Circuit Court of Appeal affirmed the conviction and sentence, see State v. Thompson, 903 So.2d 24 (La. App. 1st Cir. 2005). The petitioner thereafter sought supervisory review before the Louisiana Supreme Court, which court denied review on May 26, 2006. See State ex rel. Thompson v. State, 930 So.2d 12 (La. 2006).

The petitioner represents that, after the finality of his appeal, he filed an application for post-conviction relief ("PCR") in state court on or about October 27, 2006, asserting that he was denied the right to testify at trial and that the prosecution intentionally misrepresented evidence. Prior to the filing of the PCR, however, the petitioner also filed the instant habeas proceeding in this Court, seeking a stay of proceedings while he pursues his remedies in state court in connection with the PCR. He expresses a clear concern that the unintentional delay in filing his original appeal in state court may adversely affect the computation of timeliness relative to his federal habeas application.

Before seeking a federal writ of habeas corpus, a state prisoner must first exhaust his available state court remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present all of his claims in each appropriate state court, including a state supreme court with the power of discretionary review. 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). A federal court may raise sua sponte the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998). See also Tigner v. Cockrell, 264 F.3d 521 (5th Cir. 2001), cert. denied, 534 U.S. 1164, 122 S.Ct. 1177, 152 L.Ed.2d 120 (2002); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). It is apparent from the petitioner's federal application in this Court that not all of his claims are yet exhausted. Several of his claims were asserted on direct review and are therefore exhausted. His remaining claims, however, were first asserted in state post-conviction proceedings and cannot be considered exhausted until the Louisiana Supreme Court has ruled on the unexhausted claims.

A district court has the authority to either stay or dismiss a federal habeas corpus action pending the resolution of state court exhaustion proceedings. Brewer v. Johnson, 139 F.3d 491 (5th Cir. 1998); Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Because the granting of a stay effectively excuses a petitioner's failure to present his claims first to the state courts, a stay and abeyance is only appropriate when the district court determines that there is arguable good cause for the petitioner's failure to exhaust his claims first in state court.

Neville v. Dretke, 423 F.3d 474 (5th Cir. 2005).  See also  Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).  Moreover, even if the petitioner shows good cause for such failure, the district court will abuse its discretion if it grants a stay when any unexhausted claims are plainly meritless.  Id.

Whereas a "mixed petition" such as the present, partially exhausted and partially not, should normally be dismissed without prejudice, Alexander v. Johnson, 163 F.3d 906 (5th Cir. 1998), in this case, the petitioner explains that his petition was filed as a protective measure to avoid any potential problem with the federal statute of limitations.  Specifically, he is concerned that the late filing of his direct appeal, allegedly resulting from the error or wrongdoing of his appellate counsel, may be seen to have some adverse effect upon the calculation of delays for filing his habeas petition in this Court.  The United States Supreme Court has expressly sanctioned the use of such protective petitions.  Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).  When such a petition is filed, the district court generally should not dismiss the mixed petition but instead should "stay and abey the federal habeas proceedings until state remedies are exhausted."  Id.  See also Rhines v. Weber, supra; Davis v. Cain, 2008 WL 926435 (E.D. La. April 2, 2008); Coleman v. Cain, 2008 WL 907448 (E.D. La. April 2, 2008).

Based on the foregoing, the Court will recommend that the petitioner's request for a stay and abeyance be granted.  In making this determination, the Court expresses no view as to whether the petitioner's claims may ultimately be determined to be time-barred or otherwise procedurally defaulted, as for example if the claims were so barred at the time that he filed his original pleading in this Court of if the petitioner has not timely and diligently pursued his remedies in state court.  Accordingly, the Court reserves the right to address these issues at a later date if appropriate.  In addition, the Court notes that the petitioner's original pleading before this Court is deficient inasmuch as it does not specifically identify the issues which he seeks to assert in this proceeding. Notwithstanding, in light of the petitioner's response to the Court's Order, rec.doc.no. 7, the Court interprets the petitioner's application as seeking to assert the three (3) claims identified by him as being raised in his direct criminal appeal and the two (2) claims allegedly sought to be

asserted by him in his state post-conviction review proceedings.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that these proceedings be stayed and that the Clerk of Court mark this action closed for statistical purposes. It is the further recommendation of the Magistrate Judge that the Court retain jurisdiction in this matter and that the petitioner be allowed to file a motion to re-open these proceedings within thirty (30) days after the Louisiana Supreme Court issues its ruling on the issues raised in the petitioner post-conviction relief proceedings.

Baton Rouge, Louisiana, this 15th day of December, 2008.

*[signature]*
DOCIA L. DALBY
MAGISTRATE JUDGE